GARY W. LYNCH, J.
K.L.C., a minor, appeals the trial court's delinquency judgment of adjudication finding him guilty "by clear, cogent and convincing evidence" of acts that would be crimes if committed by an adult. He asserts *359 that the trial court committed error in that the appropriate and constitutionally mandated standard of proof is the more stringent "beyond a reasonable doubt." The Juvenile Officer concedes this error.
In juvenile proceedings where the juvenile is accused of committing what would be criminal offenses if the juvenile were an adult, the proof that is constitutionally required during the adjudicatory stage of such delinquency proceedings is proof beyond a reasonable doubt. In re Winship , 397 U.S. 358, 368, 90 S.Ct. 1068, 1075, 25 L.Ed.2d 368 (1970) ; see In re Fisher , 468 S.W.2d 198, 199 (Mo. 1971) ; C.L.B. v. Juvenile Officer , 22 S.W.3d 233, 236 (Mo. App. 2000) ; see also Rule 128.02 (comment) Missouri Court Rules (2017).
Here, the trial court's expressed adherence to the "clear, cogent and convincing evidence" standard of proof in its judgment of adjudication is an evident erroneous application of law and resulted in K.L.C.'s adjudication based upon a standard of proof less than that constitutionally guaranteed to him. This error is a structural defect in the process that requires reversal. Sullivan v. Louisiana , 508 U.S. 275, 281-82, 113 S.Ct. 2078, 2083, 124 L.Ed.2d 182 (1993).
The trial court's judgment of adjudication and its judgment of disposition based thereon are reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.
DON E. BURRELL, JR., P.J. - concurs
NANCY STEFFEN RAHMEYER, J. - concurs